NAVIGAZIONE LIBERA TRIESTINA SOCI-
ETA ANONIMA v. ELTING, Collector
of Customs.

District Court, S. D. New York.
Aug. 25, 1933.

Loomis, Williams & Donahue, of New York City (by Homer L. Loomis, of New York City), for plaintiff.

George Z. Medalie, U. S. Atty., of New York City (by Mary R. Towle, Asst. U. S. Atty., of New York City), for defendant.

GODDARD, District Judge.

This action is brought by the owner of the Italian steamship Isarco against the former United States collector of customs of the port of New York for the recovery of $5,000, with interest, the sum of $5,000 having been deposited on June 2, 1927, by the vessel owner with the collector under protest pending the determination of the question of the liability of the owner, charterer, agent, consignee, or master of the Isarco for an alleged violation of sections 19 and 20 of the Immigration Act of 1924 (8 USCA §§ 166, 167).

It has been duly stipulated that the case should be tried by a jury of one, and that, when all the evidence was in, each counsel should move for the direction of a verdict in favor of their respective clients. Both sides have now presented their case, rested, and moved for a favorable verdict. The case presents not issues of facts but questions of law.

The Facts.

On June 2, 1927, the Isarco, then in the port of New York, was being refused clearance by the defendant on the ground of an asserted liability to pay a fine alleged to have been incurred because of the failure to detain aboard the ship when previously in the port of New York in March, 1927, five alleged alien seamen as required by the immigration officials of that port. To obtain clearance of the ship, the owner, the plaintiff, deposited with the collector a certified check for $5,000, reserving all its rights to demand its return.

On March 15, 1927, a notice addressed "To the Master, Officer in charge, or Agent of S/S Isarco, Columbus Marine Line," was served upon the master of the Isarco at quarantine, requiring the detention on board the Isarco of five aliens suspected of planning to abandon the ship. Upon arrival of the ship at her dock, the aliens immediately escaped.

The only notice of intention to assess a fine against anyone was given to "Columbus Marine Corp. Agent of the vessel 'Isarco,'" and it reads as follows:

"Notice of Liability for Fine on Account of Failure to Detain on Board, etc.
Alien Seamen.

"U. S. Department of Labor
"Immigration Service

"Office of Commissioner of Immigration
Ellis Island, New York Harbor
"March 31, 1927

"To Columbus Marine Corp. Agent of the vessel 'Isarco' at NY 3/15/27 17 Battery Place NYC

"You are hereby notified that it appears that the alien seamen whose names are shown herein were permitted to land in the United States contrary to regulations prescribed by the Secretary of Labor, or were not detained on board until inspected by the Immigration officers, or were not detained on board after such inspection, or deported as required by such Immigration officers, or the Secretary of

Labor. It therefore appears that a fine should be imposed, under the provisions of sections 19 and 20 of the 'Immigration Act of 1924.'

"If you desire a hearing as to whether a fine should be imposed in this instance, you will be allowed sixty days from the date of this notice for that purpose, and the vessel on which the said alien arrived will be granted clearance papers when she is ready to sail and allowed to proceed upon her outward-bound voyage upon condition that you deposit with the Collector of Customs at this port, prior to her sailing, the sum indicated below as security for the payment of the said fine, should it be imposed. Please submit evidence in duplicate.

| Name of Alien | Amount required to be deposited. | Details of Violation. |
| --- | --- | --- |
| Francesco Giliberto | $1,000 | Failure to detain on board |
| Alessandro Quirino | 1,000 | ditto |
| Luigi Pissa | 1,000 | " |
| Cristofaro Juliano | 1,000 | " |
| Giuseppe Mennella | 1,000 | " |

"For the Commissioner
"[Signed] Frank Hayes
(name)
"Inspector-in-Charge Law Division
(Official Title)
"Received the above notice April 1, 1927
"Columbus Marine Corporation
"Per Floyd Crawford, Treasurer.
"Witness Joseph J. Jiuliano."

The imposition of the fine is evidenced by a minute dated July 2, 1927, contained in the government's file, which reads:

"In re Francesco Giliberto, Allesandro Quirino, Luigi Pissa, Cristofaro Juliano and Giuseppe Mennella ex s/s/ Isarco
March 15, 1927.

"This case comes before the Board of Review in Fine Proceedings.

"No hearing. No interested parties, Comptroller General should be advised.

"This record relates to five alien seamen who arrived on said vessel and date and who were ordered detained on board the ship because the examining inspector was of the opinion that they would abandon their calling and remain indefinitely in the United States if permitted shore leave.

"No protest has been made against the imposition of a fine in this case. The master's letter of March 19 admits the escape of these aliens.

"Considered and recommended that the penalty as provided in section 20 of the Act

of May 26, 1924 be imposed. The sum involved is $5,000."
"(Signature illegible)
"Acting Chairman Secy. and Com'r.
Genl's Board of Review.
"So ordered:
"(Signature illegible)
"Assistant to the Secretary."

From this it does not appear that the fine was imposed upon any particular person; and in the notice of the actual imposition of the fine dated July 16, 1927, sent by the Acting Commissioner General of Immigration to the Commissioner of Immigration, and in the communication of July 16, 1927, from the Acting Commissioner of Immigration to the Comptroller General of the United States, and in a letter of July 19, 1927, from the Commissioner of Immigration at New York to the collector of customs, it is stated that the fine was imposed "against the S/S Isarco."

Section 20 of the Immigration Act of 1924 (8 USCA § 167) or the pertinent portion of it reads:

"§ 167. (a) *Detention of Seamen on Board Vessel Until After Inspection; Detention or Deportation; Penalty; Clearance to Vessels.* The owner, charterer, agent, consignee, or master of any vessel arriving in the United States from any place outside thereof who fails to detain on board any alien seaman employed on such vessel until the immigration officer in charge at the port of arrival has inspected such seaman (which inspection in all cases shall include a personal physical examination by the medical examiners), or who fails to detain such seaman on board after such inspection or to deport such seaman if required by such immigration officer or the Secretary of Labor to do so, shall pay to the collector of customs of the customs district in which the port of arrival is located the sum of $1,000 for each alien seaman in respect of whom such failure occurs. No vessel shall be granted clearance pending the determination of the liability to the payment of such fine, or while the fine remains unpaid, except that clearance may be granted prior to the determination of such question upon the deposit of a sum sufficient to cover such fine, or of a bond with sufficient surety to secure the payment thereof approved by the collector of customs."

It may be observed that this statute provides for no fine against the vessel itself.

In light of the authorities of United States v. J. H. Winchester & Co., Inc. (C. C. A.) 40 F.(2d) 472, and United States v. Columbus Marine Corp. et al. (C. C. A.) 62 F.(2d)

795, 1933 A. M. C. 582, I think a verdict in the case at bar must be directed in favor of the plaintiff.

█ "The owner, charterer, agent, consignee, or master" who fails to detain alien seamen if "required" to detain an alien by the immigration officer or Secretary of Labor shall pay $1,000 if the alien is not detained. However, there are two conditions precedent that must be fulfilled before a valid fine may be imposed upon any one. He must first be "required" to detain the seaman, and the government must also give him notice of its intention to assess a fine against him with an opportunity of being heard. United States v. Columbus Marine Corporation, supra. The only notice of the government's intention to fine any one was the notice addressed to and served upon "Columbus Marine Corp., Agent of the vessel Isarco." It is therefore plain that no valid fine was assessed against the owner, the plaintiff.

Counsel for the defendant urges that the plaintiff, the owner, did have notice of the government's intention to assess a fine against it as it alleges in its complaint, paragraph "Third," "that * * * the plaintiff deposited with the said defendant the sum of five thousand dollars ($5,000) to be held by the said defendant pending the judicial, proper and lawful determination of the question of the liability of the owner, charterer, agent, consignee or master of the Italian steamship Isarco, * * * to a fine for an alleged violation of sections 19 and 20 of the Immigration Act of 1924, which said offense, * * * consisted of the failure to detain on board the said steamer · * * * or to deport * * * five seamen employed aboard said steamer and alleged to have been aliens," but there is nothing in this to indicate that the owner knew the government intended to assess the fine against it; so far the government had only given notice to the agent that it intended to assess a fine against the agent; it never did give any one else such notice; and that is just the difficulty.

█ While it seems to me that this disposes of the case, and it is perhaps unnecessary to pass upon the question as to whether the order requiring the "owner" to detain the seamen was properly served upon him, I think it does present another reason which also requires the direction of a verdict for plaintiff. The order to detain was served upon the master only, and was addressed to "The Master, Officer in charge, or Agent of S/S Isarco, Columbus Marine Line." While the master of a vessel is the agent of the owner in respect to the possession and general management of the vessel, this notice was not addressed to the "owner"; it was addressed to the master himself. The immigration officials apparently felt that it would be sufficient to fine him, and apparently a fine imposed upon him could have been collected providing that they proceeded to properly assess the fine against him.

As stated by Judge Learned Hand in United States v. Columbus Marine Corporation, supra, at page 796 of 62 F.(2d):

"The clause, 'if required,' in section 20 (a), meant, we thought, that the 'owner, charterer, agent, consignee or master,' to become liable, must be personally ordered to detain the alien. If that be true, though the agent learned of the orders directed to the master, the information did not impose any duty upon it; nor the escapes, any fine. It is true that both orders were addressed to all the persons mentioned in the statute, but that, as we view it, made no difference. The master was not the agent of the others—except perhaps of the owner—to receive the notice; each person must be ordered to detain the seamen, on whom any duty was to be imposed."

Another point raised by counsel for plaintiff is that, so far as the record shows, the fine was not imposed upon the owner, agent, or master, but was "imposed against the S/S Isarco"; but in view of the foregoing it is unnecessary to consider this.

Accordingly, a verdict is directed in favor of the plaintiff for $5,000, with interest from October 9, 1929, the date when the $5,000 was covered into the Treasury and the date conceded by counsel for defendant from which plaintiff is entitled to interest in the event of a verdict being directed in favor of the plaintiff.